# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT A. HAUSE, | : | |
|     Plaintiff | : | No. 4:17-cv-02234 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| CITY OF SUNBURY and DAVID PERSING, | : | |
| | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Scott A. Hause ("Plaintiff")'s "motion to alter or amend judgment pursuant to [Federal Rule of Civil Procedure] 59(e)" (Doc. No. 23), seeking reconsideration of the Court's December 11, 2019 Memorandum and Order (Doc. Nos. 21, 22) dismissing Plaintiff's amended complaint (Doc. No. 15) in its entirety and closing the case. For the reasons provided herein, Plaintiff's motion for reconsideration will be denied.

## I.    BACKGROUND[1]

Plaintiff initiated the above-captioned action on December 5, 2017 by filing a complaint in this Court alleging that Defendant City of Sunbury and Defendant David Persing ("Defendants") violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and Plaintiff's First Amendment right to freedom of association. (Doc. No. 1.) The Court dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 31, 2019, and granted Plaintiff leave to file an amended complaint to correct the pleading deficiencies identified by the Court. (Doc. Nos. 13, 14.) Plaintiff filed an amended complaint on April 30, 2019 (Doc. No.

---

[1] As the facts of this case are well known to both the Court and the parties, the Court will only restate the procedural history.

15), which Defendants once again moved to dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. No. 16). On December 11, 2019, the Court issued a Memorandum and Order granting Defendants' motion to dismiss Plaintiff's amended complaint and closing the case. (Doc. Nos. 21, 22.) Plaintiff subsequently filed the instant motion for reconsideration (Doc. No. 23) on January 8, 2020. Having been fully briefed (Doc. Nos. 24, 25), the motion is ripe for disposition.

## II. LEGAL STANDARD

A party may file a motion for reconsideration under Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." See Fed. R. Civ. P. 59(e). A motion for reconsideration is a device of limited utility, which may not be used "to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." See Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). Rather, a court may alter or amend its judgment only where the party seeking reconsideration can show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Reconsideration is an extraordinary remedy that should be granted sparingly. See D'Angio v. Borough of Nescopeck, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## III. DISCUSSION

The Court determines that Plaintiff's motion was timely filed.[2] Therefore, the Court will address the merits of Plaintiff's arguments in turn.

### A. Plaintiff's ADEA Claim (Count I)

#### 1. Parties' Arguments

In the instant motion for reconsideration, Plaintiff proposes three grounds for relief from the Court's judgment dismissing his ADEA claim. (Doc. No. 24 at 2-5.) Specifically, Plaintiff argues that: (1) Plaintiff should be allowed to file a second amended complaint based on the availability of new evidence (id. at 2); (2) the Court erred in dismissing Plaintiff's ADEA claim (id. at 3-4); or, in the alternative (3) the Court erred in denying Plaintiff leave to amend his complaint (id. at 5). Defendants assert that the Court properly dismissed Plaintiff's ADEA claim because Plaintiff "failed to allege he was over 40 years old at the time he was discharged" and failed to allege that "his replacement was sufficiently younger to permit a reasonable inference of age discrimination." (Doc. No. 25 at 8.) Defendants maintain that since the Court advised Plaintiff of these deficiencies the first time the Court dismissed Plaintiff's ADEA claim, the Court's subsequent dismissal without leave to amend was proper. (Id.)

---

[2] Defendants assert that Rule 59(e) does not apply to the instant motion because a ruling on a motion to dismiss is not a judgment for the purposes of Rule 59. (Doc. No. 25 at 3.) Therefore, Defendants argue that Plaintiff was required to seek reconsideration under the Middle District of Pennsylvania Local Rule 7.10, which requires motions for reconsideration to be filed within fourteen (14) days after entry of the order, rather than the twenty-eight (28) days allowed by Rule 59. (Id. at 3-4.) The Court rejects this argument on the basis that this Court and others regularly rule on motions for reconsideration brought pursuant to Rule 59(e) when a motion to dismiss has disposed of all claims and closed a case. See, e.g., Jang v. Bos. Sci. Scimed, Inc., 729 F.3d 357, 367–68 (3d Cir. 2013) (noting, in the context of an order dismissing a complaint with prejudice, that "[w]hen a party seeks leave to amend a complaint after judgment has been entered, it must also move to set aside the judgment pursuant to Federal Rule of Civil Procedure 59(e) or 60(b)").

3

## 2. Whether the Court Should Reconsider its Dismissal of Plaintiff's ADEA Claim

Upon review of the record, the parties' arguments, and the applicable law, the Court finds that reconsideration of its dismissal of Plaintiff's ADEA claim is unwarranted. As an initial matter, Plaintiff's contention that he has newly discovered evidence to support his ADEA claim does not require reconsideration. New evidence "does not refer to evidence that a party obtains or submits to the court after an adverse ruling," but instead means "evidence that a party could not earlier submit to the court because that evidence was not previously available." See Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 252 (3d Cir. 2010). Evidence that could have been discovered earlier through the exercise of due diligence does not constitute newly discovered evidence for reconsideration purposes. See Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995) (acknowledging that the standards for reconsideration based on newly discovered evidence are the same for motions pursuant to Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60(b)(2)).

In support of the instant motion, Plaintiff alleges he has discovered the following new evidence:

> Keifer Bathgate, then age 26, was hired as one of two part-time employees who assumed Plaintiff's duties.
>
> Josh Dreisbach, then 32, was hired as one of two part-time employees who assumed Plaintiff's duties. Dreisbach went to full time status shortly thereafter.
>
> Earl Johnson, then 31, was the first full time officer hired approximately one year after Plaintiff's termination.

(Doc. No. 23 ¶ 6.) However, in Plaintiff's original complaint, he alleged that Defendants "replaced [Plaintiff] by hiring part-time personnel under the age of 40." (Doc. No. 1 ¶ 12.) In Plaintiff's amended complaint, filed more than a year later, he alleged that Defendants "replaced

[Plaintiff] by hiring part-time personnel under the age of 40, namely, Keifer Bathgate, a person in his 20s, and Officer (first name unkown) Vognetz, a person in his 30s." (Doc. No. 15 ¶ 14.) Based on the foregoing allegation, Plaintiff clearly knew the name of one of his alleged replacements and the approximate ages of both of his alleged replacements at the time he filed his amended complaint. Plaintiff makes the bare assertion that the evidence he seeks to present now was unavailable to him at the time that he filed his amended complaint, but offers no explanation as to why this evidence could not have been discovered through the exercise of due diligence. (Doc. No. 23 ¶ 6.) Indeed, the similarity between the information alleged in Plaintiff's present motion and the allegations of Plaintiff's amended complaint calls into question the credibility of any assertion that this information could not have been discovered through due diligence. This Court has previously denied reconsideration under similar circumstances. See Elberson v. Pennsylvania, No. 1:06-CV-2143, 2008 WL 2020287, at *2 (M.D. Pa. May 8, 2008) (denying reconsideration based on allegedly newly discovered evidence because the plaintiff "offer[ed] no explanation for why this evidence could not have been discovered earlier through the exercise of due diligence.") Accordingly, the Court finds that Plaintiff's proposed evidence is not newly discovered and declines to grant reconsideration on that ground.

Turning to Plaintiff's allegations of error, the Court notes that Plaintiff consistently failed to allege that he was over forty (40) years old, as required to satisfy the first element of a claim under the ADEA. (Doc. Nos. 1, 15); see also Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015) (citing Burton v. Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013) (listing the elements of an ADEA claim)). The Court acknowledged this failure in its first dismissal, yet Plaintiff did not attempt to clarify his age in his amended complaint. (Doc. No. 13 at 13); see also Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S.

5

519, 526 (1983) (noting that a court may not assume facts the plaintiff has not alleged). This failure alone would justify dismissal of Plaintiff's complaint; however, in addition, the Court noted that Plaintiff presented only "bare allegations" with no "additional fact[s]" to satisfy the fourth element of an ADEA claim, which requires that a plaintiff must allege that his replacement was significantly younger to permit a reasonable inference of age discrimination. (Doc. No. 13 at 14); see also Willis, 808 F.3d at 644 (discussing the elements of an ADEA claim). In ruling on Defendants' second motion to dismiss, the Court once again found that Plaintiff's amended complaint included "no other factual allegations, beyond conclusory statements, that suggest age discrimination played a role in his termination." (Doc. No. 21 at 12.) Accordingly, the Court determined that Plaintiff's amended complaint failed to allege sufficient factual matter to make an ADEA discrimination claim facially plausible under Iqbal. See Iqbal, 556 U.S. at 678 (noting that a complaint is properly dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged").[3]

As noted, despite having notice of the deficiencies identified by the Court, Plaintiff added no factual allegations to his amended complaint (Doc. No. 15) that would support an inference

---

[3] Plaintiff takes issue with the Court's citation to Foster v. Humane Soc. of Rochester & Monroe Cty., Inc., 724 F. Supp. 2d 382, 391 (W.D.N.Y. 2010). (Doc. No. 24 at 4.) As an initial matter, the Court notes that Foster has been cited positively by at least one other court within this Circuit. See Sangi v. Warren Hosp., No. 10-CV-4571, 2011 WL 4857933, at *3 (D.N.J. Oct. 11, 2011). Additionally, the Third Circuit Court of Appeals and its district courts have dismissed age discrimination claims under similar circumstances for failure to allege sufficient facts to support an inference of discriminatory motive. See, e.g., Alja-Iz v. United States V.I. Dep't of Educ., 626 Fed. App'x 44, 46-47 (3d Cir. 2015) (dismissing age discrimination claim where the complaint did not plead facts that would give rise to a reasonable inference of discrimination); Brzozowski v. Pa. Tpk. Comm'n, 165 F. Supp. 3d 251, 261 (E.D. Pa. 2016), aff'd as modified, 738 F. App'x 731 (3d Cir. 2018) (dismissing age, national origin, and gender discrimination claims for failure to plead facts that would suggest an inference of discrimination).

that discrimination played a role in his termination. It is well-established that dismissal without leave to amend is appropriate where a plaintiff has notice of deficiencies and fails to correct them in a first amended complaint. See Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002) (finding that a district court did not abuse its discretion in denying leave to amend for a second time where the plaintiff was on notice of the deficiencies in his complaint and failed to correct them in the first amended complaint). In light of these facts, the Court identifies no legal error justifying reconsideration of its dismissal of Plaintiff's ADEA claim without leave to amend. Accordingly, the Court will deny Plaintiff's motion for reconsideration on this ground.

### B. Plaintiff's First Amendment Claim (Count II)

#### 1. Parties' Arguments

Plaintiff proposes two grounds for relief from the Court's judgment dismissing his First Amendment claim. (Doc. No. 24 at 6-7.) Specifically, Plaintiff argues that: (1) the Court erred in dismissing Plaintiff's First Amendment claim (id. at 6); or, in the alternative (2) the Court erred in denying Plaintiff leave to amend his complaint (id. at 6-7). Defendants maintain that the Court properly dismissed Plaintiff's First Amendment claim because Plaintiff failed to plead facts to support a reasonable inference that Defendants violated Plaintiff's right to freedom of association. (Doc. No. 25 at 8-9.)

#### 2. Whether the Court Should Reconsider its Dismissal of Plaintiff's First Amendment Claim

Upon review of the record, the parties' arguments, and the applicable law, the Court finds that reconsideration of its dismissal of Plaintiff's First Amendment claim is unwarranted. As an initial matter, the Court notes that Plaintiff has never clearly identified his First Amendment

7

claim.[4]  Plaintiff's complaint and amended complaint categorize this claim as "COUNT II—FREEDOM OF ASSOCIATION—42 U.S.C.A. § 1983."  (Doc. Nos. 1, 15.)  Plaintiff described this claim in briefing for the most recent motion to dismiss as "a claim for interference with plaintiff's right to freedom of association" (Doc. No. 19 at 6), and Defendants consistently construed this claim accordingly as exclusively a claim for First Amendment interference (Doc. Nos. 8, 12, 16, 20).  The Court also analyzed this claim as one alleging interference with Plaintiff's First Amendment rights, an analysis which Plaintiff never contested.  (Doc. No. 13 at 15-17); (Doc. No. 21 at 13-16).

In analyzing Plaintiff's First Amendment claim, the Court determined in its first dismissal that Plaintiff failed to allege sufficient facts to support a reasonable inference that Defendants violated his right to freedom of association.  (Doc. No. 13 at 16.)  More specifically, the Court noted that Plaintiff's complaint lacked any factual allegations that would "inform the Court as to how Defendants harassed and intimidated Plaintiff, what specific acts [Defendants] engaged in to harass and intimidate Plaintiff, or any other details related to how Defendants interfered with Plaintiff's First Amendment right to expressive association."  (Doc. No. 13 at 17.)  Accordingly, the Court concluded that Plaintiff failed to allege sufficient factual matter to state a claim of interference with his First Amendment rights.  (Id.)  Despite being on notice of these deficiencies, on review of Plaintiff's amended complaint, the Court found that the only allegations specific to Plaintiff were conclusory statements echoing the appropriate legal standard without factual support.  (Doc. No. 21 at 16.)  Accordingly, the Court once more

---

[4] Plaintiff asserts for the first time in the instant motion that his First Amendment claim is only a retaliation claim.  (Doc. No. 24 at 6.)

concluded that Plaintiff failed to allege sufficient facts to support a reasonable inference that Defendants violated his First Amendment rights. (Id.)

Plaintiff's attempt in the instant motion to frame his First Amendment claim as a retaliation claim in an effort to argue that he was not on notice of the deficiencies in his complaint and therefore should have been granted leave to amend does not make the Court any more inclined to reconsider its decision. (Doc. No. 24 at 6-7.) Although the Court engaged in a more detailed analysis of Plaintiff's First Amendment claim in its second Memorandum (Doc. No. 21 at 16-17), the deficiencies previously identified by the Court, specifically, that Plaintiff's complaint lacked any non-conclusory factual allegations to support a "reasonable inference that Defendants' violated Plaintiff's First Amendment right[s]" (id. at 16), justify dismissal. The Court's identification of additional pleading deficiencies does not absolve Plaintiff of his failure to correct pleading deficiencies already identified. Therefore, the Court once more finds that Plaintiff was on notice of deficiencies in his complaint and failed to correct those deficiencies in his amended complaint, and that dismissal without leave to amend was proper. Accordingly, because the Court identifies no legal error justifying reconsideration of its dismissal of Plaintiff's First Amendment claim without leave to amend, the Court will deny Plaintiff's motion for reconsideration on this ground.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. No. 23) will be denied. An Order consistent with this Memorandum follows.